**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

NICOLE MARIE ARLENE BROWN,      )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No. CIV-20-003-RAW-KEW
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
            Defendant.          )

**REPORT AND RECOMMENDATION**

Plaintiff Nicole Marie Arlene Brown (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).#

2

limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 36 years old at the time of the ALJ's decision. Claimant graduated from high school and had two years of college work. Claimant has worked in the past as a patient insurance

3

clerk, jewelry salesperson, appliance salesperson, furniture salesperson, medical transcriber, data entry clerk, and receptionist. Claimant alleges an inability to work beginning September 14, 2016 due to limitations resulting from bipolar disorder, depression, arthritis, rheumatoid arthritis, chronic fatigue syndrome, B12 and vitamin D deficiency, cyclothymia, anxiety, hypothyroidism, acid reflux, hiatal hernia, and difficulty standing for long periods of time.

## Procedural History

On October 27, 2016, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income benefits under Title XVI (42 U.S.C. ' 1381 *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 5, 2019, Administrative Law Judge ("ALJ") Deidre O. Dexter conducted an administrative hearing by video with Claimant appearing in in Muskogee, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. On March 26, 2019, the ALJ issued an unfavorable decision. On November 4, 2019, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.

20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in failing to properly assess Claimant's mental limitations.

## Consideration of the Opinion Evidence

In her decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, rheumatoid arthritis, obesity, bipolar disorder, anxiety disorder, and chronic fatigue syndrome. (Tr. 16). The ALJ concluded that Claimant retained the RFC to perform sedentary work with the limitations. Specifically, Claimant was found to be able to lift, carry, push, or pull up to five pounds frequently and ten pounds occasionally. Claimant was able to sit up for six hours in an eight hour workday and stand and/or walk up to two hours in and eight hour workday. The ALJ found Claimant should not be required to stand or walk for more than twenty minutes consecutively;

otherwise, the need to change positions could be accommodated by the fifteen minute morning and afternoon breaks and thirty minute lunch period. Claimant was able to occasionally climb ramps or stairs or stoop. The ALJ stated in the RFC that the job should not involve climbing ladders, ropes, or scaffolds, kneeling, crouching, or crawling. Claimant was able to occasionally reach overhead and to frequently handle. She was able to perform simple, routine tasks. She was able to interact with supervisors as needed to receive work instructions. Claimant was able to work in proximity to co-workers but the job should not involve more than occasional direct work interaction with co-workers. The job should also not involve interacting with the general public. (Tr. 19).

After consulting with a vocational expert, the ALJ concluded Claimant could not perform her past relevant work but could perform the representative jobs of document preparer, semiconductor bonder, and touchup screener, all of which were found to exist in sufficient numbers in the national economy. (Tr. 31). As a result, the ALJ found Claimant was not disabled from September 14, 2016 through the date of the decision. (Tr. 32).

Claimant contends that the ALJ found the opinion of Dr. Kenny

A. Paris was due "greater weight" but failed to include all of the limitations found by Dr. Paris in the RFC with regard to Claimant' mental limitations. On May 23, 2017, Claimant underwent a mental status/diagnostic examination by Dr. Paris. Dr. Paris prepared a report which expressly states that "[t]his exam is a brief estimate of cognitive abilities and general functioning. It is not considered to be a comprehensive psychological evaluation." (Tr. 632). Dr. Paris set out in the report that Claimant reported symptoms of depression as feelings of depression, sleep disturbance, low energy, and decreased libido. Symptoms of mania included a decreased need for sleep, racing thoughts, spending money inappropriately. She denied suicidal ideation and cognitive symptoms. Her symptoms of anxiety were reported as stress and worry about her health, family, and future. Id.

Dr. Paris found Claimant's thoughts to be organized, logical, and goal-directed. She was able to stay focused on the exam, her thought content was appropriately expressed, and she did not appear to be responding to unusual internal stimuli and had not indications of active psychotic thought processes. Claimant reported that her mental health issues were longstanding, including a two week hospitalization for the condition in 2005.

7

She stated that she was diagnosed with bipolar disorder. She also stated that she was more prone to depressive episodes than manic episodes. Claimant's anxiety was related to her other health conditions and limitations posed by them. She reported that her health conditions impacted her ability to work and that she had some social and adaptive functioning impairments as well. (Tr. 633).

Dr. Paris observed Claimant to be casually and appropriately dressed and with appropriate hygiene. Her mood was anxious and depressed. Her affect was appropriate and consistent with her reported mood. Claimant's posture and gait were normal and she did not display any unusual mannerisms or involuntary movements. She massaged her hands and knees during the interview. Her facial expression and eye contact were appropriate overall. She was cooperative, alert, and appropriately responsive to her surroundings and her examiner. Claimant rated her pain as a seven on a ten-point scale. She demonstrated good verbal skills. (Tr. 635).

Based upon WAIS testing, Claimant was "average" in similarities, vocabulary, information, comprehension, arithmetic, immediate recall, and recall after a few minutes. She was below

average in concentration. Dr. Paris estimated Claimant's IQ as 95-105 or average intellectual functioning. In his diagnosis, Dr. Paris found Claimant to suffer from Bipolar I Disorder (by history) and Anxiety Disorder NOS. Her GAF was rated as 50. (Tr. 636).

Claimant's memory skills were adequate and she had no significant problem with persistence and pace. Dr. Paris concluded that "[f]rom a psychological standpoint, based on her reported symptoms, history, and performance on the exam, her ability to perform adequately in most job situations, handle the stress of a work setting and deal with supervisors or co-workers is estimated to be below average." Id.

Claimant's judgment was found to be adequate. Dr. Paris found no indication of organic mental impairment beyond the identified disorders. He did not believe her condition would improve significantly in the next 12 months. He also believed that Claimant was putting forth her best efforts on the exam. (Tr. 637).

In the decision, the ALJ referenced Dr. Paris' report and various findings. She accurately related these findings resulting from Dr. Paris' examination. (Tr. 23). When evaluating the weight of Dr. Paris' opinion, the ALJ recognized his conclusions

9

on Claimant's limitations in the ability to perform work activity, ability to handle stress in the work environment, and ability to interact with supervisors and co-workers in the workplace. The ALJ found this opinion was entitled to "greater weight", finding that Dr. Paris examined Claimant and based his opinion upon that examination. (Tr. 27). The ALJ then concluded after setting out the other normal findings from Dr. Paris that "I find a residual functional capacity for simple, routine tasks is more reasonable." Id.

The ALJ also considered Dr. Paris' finding of a GAF for Claimant of 50. She gave the GAF "little weight" as a general consideration, instead favoring the "objective details and chronology of the record, which more accurately document the extent of the claimant's impairments and limitations." (Tr. 28). She also considered Dr. Paris' statement in his report that the combination of mental and physical symptoms leads to greater impairment and makes Claimant less likely to be successful in a job setting as well as his statement that the limitation on functioning posed by Claimant's physical problems were beyond the scope of his examination. (Tr. 28, 636). The ALJ gave these statements of limitation on functioning "little weight" because of

the limited scope of the examination. (Tr. 28).

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). She must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). Moreover, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). The ALJ in this case considered Dr. Paris' opinion, found it entitled to "greater weight" immediately after recognizing Dr. Paris' limitations on Claimant's ability to perform in a work setting, handle stress and deal with supervisors and co-workers, but failed to translate that recognition and weight into the RFC. This does, indeed, smack of the prohibited "picking and choosing" the application of the portions of the opinion to the RFC which support a finding of non-disability while failing to apply the portion of the opinion which supports a finding of disability or at least further limitation. None of the limitations or restrictions contained in the RFC

11

address this conclusion in Dr. Paris' report. On remand, the ALJ shall address the totality of Dr. Paris' findings and opinions in the RFC as well as the hypothetical questioning of the vocational expert in order to arrive at her conclusions at step five.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case **REMANDED** for further proceedings. The parties are given fourteen (14) days from the date of the service of this Report and Recommendation to file any objections with the Clerk of the court together with a supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE